UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEDRIC GREEN,<br><br>    Petitioner<br><br>  v.<br><br>ERIC MEJIA, Acting Warden for the<br><br>California Institute of Men,<br><br>    Respondent. | Case No. 3:25-cv-01933-WHO<br><br>**ORDER TO SHOW CAUSE** |

**INTRODUCTION**

Petitioner Cedric Green seeks federal habeas review from his California state conviction for robbery. The petition for habeas relief is now before me for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

The petition states cognizable claims. Accordingly, on or before **November 7, 2025,** respondent shall file an answer or a dispositive motion in response to the habeas petition.

**BACKGROUND**

In 1998 Cedric Green was convicted by a San Mateo County Superior Court jury of robbery. Petition for Writ of Habeas Corpus ("Pet."), Dkt. No. 1, at 36. The trial court found true that Green had two prior convictions for attempted robbery and imposed a sentence of thirty-five years to life under California's Three Strikes law. *Id.*; *see* CAL. PENAL CODE §§ 667.5, 1170.12. On appeal, the California Court of Appeal affirmed his conviction and sentence. *See* Pet. at 8. The California Supreme Court subsequently denied review. *See id.* at 38.

After the Board of Parole Hearings ("BPH") found Green unsuitable for parole in 2021, Green filed a petition for writ of habeas corpus in the San Mateo County Superior Court, alleging a denial of due process at his parole hearing. *See id.* at 88, 212. On November 22, 2022, the Superior Court denied Green's petition. *See id.* at 40–41. The California Court of Appeal and California Supreme Court both denied Green's habeas claims on appeal. *See id.*

**DISCUSSION**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, Green alleges that the California courts violated his federal constitutional rights by applying a "constellation of statutory law, regulations, and case law" that are contrary to the United States Supreme Court's decisions in *Johnson v. United States*, 576 U.S. 591 (2015), and *Sessions v. Dimaya*, 584 U.S. 148 (2018). Pet. at 24. When liberally construed, these claims are cognizable and shall proceed.

**CONCLUSION**

1. The Clerk shall add ERIC MEJIA, Acting Warden for the California Institute of Men, as respondent to this case.

2. The Clerk shall serve electronically a copy of this order upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email addresses: SFAWTParalegals@doj.ca.gov and docketingsfawt@doj.ca.gov. The petition and exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall serve by mail a copy of this Order on petitioner.

2. On or before **November 7, 2025**, respondent shall file with the Court and serve on petitioner, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondents shall file with the answer and serve on petitioner a copy of all

1 portions of the state trial record that previously have been transcribed and that are relevant to a
2 determination of the issues presented by the petition.

3       3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the
4 Court and serving it on respondent's counsel within thirty (30) days of the date the answer is filed.

5       4. In lieu of an answer, respondent may file, on or before **November 7, 2025**, a motion to
6 dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the
7 Rules Governing Section 2254 case. If respondent files such a motion, petitioner shall file with the
8 Court and serve on respondent an opposition or statement of non-opposition within thirty (30)
9 days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner
10 a reply within fifteen (15) days of the date any opposition is filed.

11 **IT IS SO ORDERED.**

12 Dated: September 8, 2025



William H. Orrick
United States District Judge